836 F.2d 1342
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David Law, Gerry D. Law, d/b/a David Law Insurance Agency,
Plaintiff-Appellant,
v.
MOTORISTS MUTUAL INSURANCE COMPANY, a corporation, Defendant-Appellee.
 No. 87-2519.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 1, 1987.
Decided Jan. 4, 1988.
 
 David C. Hanlon (Donald W. Ahner on brief) for appellants.
 Fred L. Davis, Jr. (James M. O'Brien, Davis, Bailey, Pfalzgraf & Hall on brief) for appellee.
 Before MURNAGHAN, ERVIN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The action for breach of contract has reached us through resort to diversity jurisdiction. The district judge applied Ohio law to the interpretation of the contract on the grounds that the last act necessary for its formation occurred in Ohio. Though there is some disagreement as to whether Ohio law or the law of West Virginia[1] should apply, it makes no matter since the parties agree that the law of the two jurisdictions does not differ in any respect here material.
 
 
 2
 David Law had a contract with Motorists Mutual Insurance Company.[2] He for more than twenty years operated the David Law Insurance Agency. For the better part of those twenty years, Law sold insurance exclusively for Motorists. Commencing in December 1981, he entered the contract currently in dispute. It provided that he no longer was bound to sell insurance exclusively for Motorists.
 
 
 3
 In 1983 Motorists terminated its relationship with Law on the grounds that the Agency had been losing money inasmuch as the premiums generated did not cover the losses Motorists was forced to pay under the policies the Agency sold.
 
 The contract provided:
 
 4
 This Agreement may also be terminated by either party by giving notice to the other and shall be deemed terminated as of the date specified. In the event of termination by the Company, the Agent will be given a written notice in compliance with state law, but in no event less than 30 days.
 
 
 5
 Also there was, as part of the contract, a clause reading:
 
 
 6
 This Agreement supersedes all previous agreements between the Agent and the Company whether written or oral.
 
 
 7
 Law allegedly relied on a supposed oral assurance from Motorists that it would not terminate the Agency because of losses.
 
 
 8
 The evidence as to agreements prior to the contract was excluded, as appears to us proper, under the parol evidence rule. The court did, however, permit the introduction of some evidence concerning subsequent oral modifications. Reliance was placed by law on the testimony of a Motorists manager:
 
 
 9
 Our policy was that we would not terminate agents on the basis of loss ratio provided through working with the agent it was determined that that agent had the ability and the willingness to do those things necessary to make his agency profitable. Being profitable was the factor that was most important.
 
 
 10
 The district court interpreted the alleged oral term to mean that there would be no termination because of losses until efforts had been made by Motorists to assist Law as the agent in reversing the losses and those efforts had failed.
 
 
 11
 The district court proceeded to find that, even if there was an enforceable oral term in the contract, the Agency had been given a reasonable time in which to improve, from May of 1982 until shortly after February 1983. A directed verdict was entered for Motorists to the effect that they had not been in breach of the agreement.
 
 
 12
 Unreasonableness is often a jury question, but here considerable time had passed. More importantly, no consideration was asserted for the asserted oral promise.
 
 
 13
 Attempts by Law to rely on a contention of fraud on the part of Motorists fails because the action was solely for breach of contract and in no way advised Motorists that fraud was an issue.
 
 
 14
 The judgment of the district court, is accordingly,
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 The contract was to be performed in West Virginia
 
 
 [2]
 Gerry Law, whose claim was similar to that of his father, David Law, never put into proof his contract with Motorists Mutual Insurance Company. On appeal, therefore, his claim need not be considered, and counsel for the appellants accepted that such was the case